PAE AO 241
(Rev. 05/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Petition for Relief from a Conviction or Sentence
## By a Person in State Custody
## (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

## INSTRUCTIONS

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from conviction of the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir. 2000)).

4. Make sure the form is typed or neatly written.

5. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

6. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or argument, you must submit them in a separate memorandum.

7. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out an Application to Proceed in District Court without Prepaying Fees or Costs. **Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.**

8.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

9.  As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that the federal court may deny your petition on the merits even if you have not exhausted your remedies.

10.  As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that was presented in a prior habeas corpus petition.

11.  As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that was not presented in a prior habeas corpus petition unless you show:

    (A)  the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or

    (B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

    Before such a second or successive petition may be filed in the district court, however, the petitioner must move in the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

12.  When you have completed this form, send the original and **these instructions** to the Clerk of the United States District Court at this address:

        **Clerk**
        **United States District Court**
        **for the Eastern District of Pennsylvania**
        **601 Market Street, Room 2609**
        **Philadelphia, PA 19106**

PAE AO 241
(Rev. 05/2018

Page 3

13. **CAUTION**: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge and you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

14. **CAPITAL CASES**: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| _____ | ) | _____ |
| *Plaintiff* | ) |  |
| _____ | ) |  |
| *v.* | ) | Civil Action No. |
| _____ | ) |  |
| *Defendant* | ) |  |
| _____ | ) | _____ |
|  | ) |  |
| _____ | ) | _____ |
|  | ) |  |

### APPLICATION FOR PRISONERS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1.      ***If incarcerated.*** I am being held at: _____

I am employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2.      ***If not incarcerated.*** If I am employed, my employer's name and address are:

_____

_____

My gross pay or wages are: $ _____, and my take-home pay or wages are: $ _____
per _____.
      *(specify pay period)*

3.      ***Other Income.*** In the past 12 months, I have received income from the following sources (check all that apply):

|  |  |  |  |
|---|---|---|---|
| (a) | Business, profession, or other self-employment | ☐ Yes | ☐ No |
| (b) | Rent payments, interest, or dividends | ☐ Yes | ☐ No |
| (c) | Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) | Disability, or worker's compensation payments | ☐ Yes | ☐ No |
| (e) | Gifts, or inheritances | ☐ Yes | ☐ No |
| (f) | Any other sources | ☐ Yes | ☐ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

_____

_____

_____

4.     Amount of money that I have in cash or in a checking or savings account: $ _____

5.     Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

_____

6.     Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*: _____

_____

_____

7.     Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8.     Any debts or financial obligations *(describe the amounts owed and to whom they are payable):*

_____

_____

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

_____           _____
*Date*                                      *Applicant's signature*

                                             _____
                                             *Printed name*

9.     **Certification of Prisoner's Institutional Account Balance:** An authorized prison official must complete the certification below, and furnish a certified copy of your institutional account statement showing all deposits, withdrawals, and balances for the prior six-month period, to be filed with this application.

       I certify that the prisoner named herein has the sum of $ _____ on account at _____ correctional institution, where he is presently confined.

       I further certify that during the prior six-month period, the prisoner's average monthly account balance was $ _____; and that the average amount deposited monthly in the account during the prior six-month period was $ _____.

_____           _____
*Signature and Title of Authorized Prison Official*                        *Date*

PAE AO 241
(Rev. 05/2018)

Page 4

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

| United States District Court | District:  Eastern District of Pennsylvania |
|---|---|
| Name (under which you were convicted):<br><br>FRANK HYMAN | Docket or Case No.:<br><br>CP-51-CR-0002579-2007 |
| Place of Confinement:<br>SCI- FRACKVILLE | Prisoner No.:<br>JZ-6112 |
| Petitioner (Include the name under which you were convicted):<br><br>FRANK HYMAN | Respondent (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner):<br><br>KATHY BRITTAIN |

V.

and

The District Attorney of the County of: Philadelphia

and

The Attorney General of the State of: Pennsylvania

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    The Justice Juanita Kidd Stout Center For Criminal Justice
    1301 Filbert street, Philadelphia, PA 19107

    (b) Criminal docket or case number (if you know): CP-51-CR-0002579-2007

2.  (a) Date of judgment of conviction (if you know): December 10,2010

    (b) Date of sentencing: April 20, 2011

3.  Length of sentence: 20years - 40years

4.  In this case, were you convicted on more than one count or of more than one crime?      ☒ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: Attempted Murder,
    Aggravated Assault.

PAE AO 241
(Rev. 05/2018)

Page 5

6.    (a)  What was your plea? (Check one)

    ☒ (1)    Not Guilty      ☐ (3)    Nolo contendere (no contest)

    ☐ (2)    Guilty          ☐ (4)    Insanity plea

    (b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  __N/A__

    (c)  If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury      ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☒ Yes      ☐ No

8.    Did you appeal from the judgment of conviction?

    ☒ Yes      ☐ No

9.    If you did appeal, answer the following:

    (a)  Name of court: **The Superior Court Of Pennsylvania**

    (b)  Docket or case number (if you know): **1422 EDA 2011**

    (c)  Result: **Denied**

    (d)  Date of result (if you know): **October 25, 2013**

    (e)  Citation to the case (if you know): Commonwealth v. Frank Hyman

    (f)  Grounds raised: 1.The Court erred by imposing the deadly weapon enhancement during sentencing because the jury acquited apellant of all gun possession charges.

    2. The court erred by relying on personal feelings when rendering appellant's sentence.

    3.(a) The evidence was insufficient to support the verdict; (b) the weight of the evidence was contrary to the verdict; and (c) Please see attachment (page 5 attachment)

    (g)  Did you seek further review by a higher state court?

    ☒ Yes      ☐ No

Page 5 attachment.

(c)the charge to the jury regarding accomplice liability impermissibility was improper.

4. The Commonwealth improperly referenced appellant's previous silence before trial.

5.The Court erred by admitting evidence of a weapon located in a vehicle in which appellant's identification was found.

6. The Court erred by denying appellant's motion for a mistrial following testimony that appellant was incarcerated prior to trial.

7. The evidence was insufficient to support the verdict because there was no

evidence that the appellant intended to kill or injure Timothy Scott, caused Timothy Scott's injury, or encouraged, directed, ordered, or facilitated any other person to kill or injure Timothy Scott.

8. The errors enumerated in matters 1-7 violated appellant's due process rights

9. The evidence was insufficient to support the verdict and the weight of the evidence was contrary to the verdict because the only evidence presented by the Commonwealth was materially contradictory and inconsistent witness testimon regarding the shooting.

10. The Court erred by denying Appellant's request to call a toxicologist and hospital staff as witnesses.

11. The Court erred by (a) allowing the Commonwealth to add charges against appellant at the end of the trial; and (b)instructing the jury according to accomplice liability.

12.The Court erred by failing to ascertain  whether appellant was competent to stand trial and to be sentenced. Specifically, the Court failed to  discover that appellant was under medication that made him unable to comprehend his sentencing/trial.

13. The Commonwealth knowingly allowed false testimony by stating that one of it's witnesses was incarcerated for a violation of probation. When this witness was actually incarcerated for open criminal matters and promised leniency for testfying.

14. The Commonwealth improperly withheld evidence of a firearm, a car, and a appellant's identification card until  the day of trial.

15.The Court erred by failing to provide Appellant with "complete undoctored transcripts."

16. The Court violated the Code of Judicial Conduct and the Pennsylvania Constitution by (a) rushing Appellant's trial; (b) failing to recuse itself because the victim in this case was on the courts probation; (c) advising Appellant's counsel to accept the Commonwealth's offer to plead guilty; (d) failing to be impartial by referring to itself and the prosecutor as "we".

17. The Court improperly allowed the Commonwealth to ask leading questions during the examination of Timothy Scott.

see next attachment  c

Page 5 attachment continued...

18. The Court improperly denied the jury's request to view evidence.

19. The Court showed bias and prejudice, and denied the defendant his right to a fair trial by instructing the jury regarding accomplice liability.

20. The Court erred by allowing hearsay testimony by sergeant Potter.

21. The Court erred by allowing the prosecutor to ask leading questions on direct examination and by encouraging the prosecutor to lead the witness "and even going as far as telling the prosecutor that there will be appropiate times to lead the witnesses"

22. The Court erred by referencing witness intimidation several times, despite no evidence to support this accusation against Appellant.

23. The Court erred by waiting until the middle of trial to review exculpatory evidence that had been submitted weeks earlier, then refusing to allow the jury to see it.

24. The Court erred by not allowing Appellant to testify regarding an incident in which he was stabbed in order to rebut testimony from a Commonwealth witness that the defendant "thinks he's untouchable."

25. The Court erred by refusing to instruct the jury on consciousness of guilt regarding witness intimidation conducted on Appellant's behalf and on access to weapons regarding the firearm found in the car with Appellant's identification

26. The Court's instruction to the jury misstated the law regarding attempted murder.

27. The Court erred by instructing the jury to "find defendant guilty against their belief".

28. The Court erred by denying Appellant the right to be present during all stages of the proceedings.

29. The docket erroneously lists charges as having been nolle prossed.

PAE AO 241
(Rev. 05/2018)

Page 6

If yes, answer the following:

(1) Name of court:  The Pennsylvania Supreme Court

(2) Docket or case number (if you know): 589 EAL 2013

(3) Result: Denied

(4) Date of result (if you know): March 18, 2014

(5) Citation to the case (if you know): Commonwealth v. FRANK HYMAN

(6) Grounds raised: Did not the superior court err in not finding that
the PCRA court erred by not granting relief, on the issue that counsel was
ineffective. 2. The PCRA Court erred in denying Petitioner's PCRA Petition
without an evidentiary hearing on the issues raised in the amended PCRA Petition.

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): NA

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(i) Other than the direct appeals listed above, have you previously filed any other petitions, applications,
or motions concerning this judgment of conviction in any state court?

☒ Yes     ☐ No

10.   If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Post Conviction

(2) Docket or case number (if you know): CP-51-CR-0002579-2007

(3) Date of filing (if you know): August 5, 2014. Amended May 3, 2016.

(4) Nature of the proceeding: PCRA

(5) Grounds raised: Ineffective assistance of counsel. 1.Trial counsel
failed to sufficiently cross examine Mr. Scott (witness); 2.Trial counsel
allowed the Commonwealth to introduce prejudicial evidence of two prior
juvenile adjudications; and 3. Appellate counsel failed to raise obvious
additional points to the Superior Court regarding improper sentencing procedures.
With regard to the first claim, The prosecutor was able to state without objection
from trial counsel that Timothy Scott was incarcerated for violating his probation
. However, in fact, he was incarcerated for open criminal matters and promised
leniency for testifying against the petitioner. With regard to the second claim
for ineffective assistance of counsel, Trial counsel was ineffective for
stipulating to the introduction of inadmissible evidence, which undercut the
petitioners only defense and prejuiced him. Third and Final claim, Petitioner
avers that Appellate Counsel did not properly present numerous sentencing issues
to the Pennsylvania Superior court, causing that tribunal to erroneously deny
Petitioner's appeal of his sentence.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: **DENIED**

(8) Date of result (if you know): **December 19, 2018**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: **NA**

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: <u>Denied</u>

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

| | | | |
|---|---|---|---|
| (1) | First petition: | ☒ Yes | ☐ No |
| (2) | Second petition: | ☐ Yes | ☐ No |
| (3) | Third petition: | ☐ Yes | ☐ No |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

11.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
6th Amendment violations, and 14th Amendment violation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Court committed error of law and/or abused her discretion regarding sentencing guidelines by imposing the Deadly Weapon Enhancement, which does not apply to an unarmed accomplice. The jury specifically rendered a verdict of Not Guilty as to gun possession charges.

PAE AO 241
(Rev. 05/2018)

Page 9

(b) If you did not exhaust your state remedies on Ground One, explain why: NA

(c) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☒ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why? _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: PCRA- Post Conviction Relief Act

    Name and location of the court where the motion or petition was filed: The Philadelphia Court of Common Pleas. 1301 Filbert st. Phila, PA 19103

    Docket or case number (if you know): CP-51-CR-0002579-2007

    Date of the court's decision: December 19, 2018

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes  ☒ No

    (4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        ☒ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: The Supreme Court Of Pennsylvania Eastern District

    Docket or case number (if you know): No. 191 EAL 2020

    Date of the court's decision: December 2, 2020

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: NA _____

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A _____

_____

**GROUND TWO:** 6th Amendment Violation, 14th Amendment violation.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The Court committed error of law and/or abused her discretion in relying upon personal feelings when rendering sentence, not evidence of aggravating circumstances. The Court stated that she didn't know why the jury found the defendant Not Guilty of all the other charges, but stated that she personally feels as though he was guilty.

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: NA _____

_____

_____

**(c) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
☒ Yes    □ No

PAE AO 241
(Rev. 07/10)

Page 11

(2) If you did not raise this issue in your direct appeal, explain why? NA

---

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCRA

Name and location of the court where the motion or petition was filed: The Philadelphia Court of Common Pleas. 1301 Filbert st. Phila, PA 19103

Docket or case number (if you know): CP-51-CR-0002579-2007

Date of the court's decision: December 19, 2018

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?       ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Supreme Court Of Pennsylvania Eastern District

Docket or case number (if you know): 191 EAL 2020

Date of the court's decision: December 2,2020

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: NA

PAE AO 241
(Rev. 07/10)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Two: ___NA___

**GROUND THREE:** 5th Amendment, 6th Amendment, And 14th Amendment
violations.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The Court abused her discretion and/or erred at law in permitting the
Commonwealth to make reference to the Defendant's previous silence
during trial.

(b) If you did not exhaust your state remedies on Ground Three, explain why: ___NA___

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☒ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why? ___NA___

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?

☒ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCRA

Name and location of the court where the motion or petition was filed: <u>The Philadelphia Court of common pleas. 1301 Filbert st. Phila, PA 19103</u>

Docket or case number (if you know): <u>CP-51-CR-0002579-2007</u>

Date of the court's decision: <u>Dec 19, 2018</u>

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>The Supreme Court of Pennsylva Pennsylvania Eastern District</u>

Docket or case number (if you know): <u>No. 191 EAL 2020</u>

Date of the court's decision: <u>Dec 2, 2020</u>

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>NA</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: <u>NA</u>

**GROUND FOUR:** <u>6th Amendment violations, and 14th Amendments violations.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>The Court abused her discretion and/or erred at law and denied the Defendant his right to a fair trial by the admission of evidence of a weapon located in a vehicle in which the defendant's Identification was found where there was no evidence the weapon was used or involved in the shooting. Where the weapon was excluded by ballistic evidence, and where there was no evidence the weapon was</u>

present on the scene of the crime, nor located in the vehicle
at the time of the involved shooting. As such, said evidence
could not have been relevant for any legitimate purpose at trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why: ___NA_____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   ☒ Yes      ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why? ___NA_____

_____

_____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
   state trial court?

   ☒ Yes      ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: PCRA- Post conviction relief act_

   Name and location of the court where the motion or petition was filed: The Philadelphia Court
   Of Common Pleas. 1301 Filbert st. Phila, PA 19103

   Docket or case number (if you know): CP-51-CR-0002579-2007

   Date of the court's decision: December 19, 2020

   Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3) Did you receive a hearing on your motion or petition?                    ☐ Yes      ☒ No

   (4) Did you appeal from the denial of your motion or petition?               ☒ Yes      ☐ No

PAE AO 241
(Rev. 07/10)

Page 15

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Supreme Court Of Pennsylvania Eastern District

Docket or case number (if you know): 191 EAL 2020

Date of the court's decision: December 2, 2020

Result (attach a copy of the court's opinion or order, if available): _____

_____
_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: NA _____

_____
_____
_____

See Attached: **Ground Five**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A _____

_____
_____
_____
_____

12.    Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

    ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: NA _____

_____
_____
_____

GROUND FIVE:

6th Amendment, and 14th Amendment violations.

(a) Supporting facts.

The Defendant's defense was prejudiced by Prosecutorial Misconduct where the district attorney knowingly allowed false testimony in defendant's trial by stating "Commonwealth witness Timothy Scott, was incarcerated for violation of probation". Whereas he was actually incarcerated for open criminal matters in which he was promised leniency for his testimony. Also allowed  Mr. Scotts coerced statements, showed Mr. Scott a copy of defendant's ID, a picture of a gun, and a copy of other witnesses testimony at defendant's Preliminary hearing.

(c) Direct Appeal of Ground Five:
X yes

(d) Post-Conviction Proceedings:
x yes

PCRA- Post Conviction Relief Act

The Philadelphia Court Of Common Pleas. 1301 Filbert st. Phila, PA 19103.

Docket: CP-51-CR-0002579-2007

Date of court's decision: Dec 19, 2020

x No.

x Yes.

x Yes.

x Yes

The Supreme Court Of Pennsylvania Eastern District/

Docket bo, 191 EAL 2020.

Date of court's decision: December 2, 2020.

result attach.

GROUND SIX:
6th Amendment violation.

(a) Supporting facts:

The trial court's inappropiate/misleading instructions stripped the jury of their power/duty as fact finders.

(c) Direct appeal of Ground Six:
yes.

(2) NA

(d) Post-Conviction Proceedings:
(1) yes

(2) PCRA- Post Conviction Relief Act

The Philadelphia Court of Common Pleas, 1301 Filbert st. Phila, PA 19103.

Docket: CP-51-CR-0002579-2007.

Date of the courts decision:  December 19, 2018.
Result.

(3) No.

(4) yes.

(5) yes.

(6) The Supreme Court Of Pennsylvania, Eastern District.

Docket no. 191 EAL 2020.

Date of court's decision:  December 2, 2020

Result (attach copy, if available)

(7) NA

(e)  NA

PAE AO 241
(Rev. 07/10)

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

NA

13. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. NA

14. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: NA

15. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: David S. Glanzberg, esq.

(b) At arraignment and plea: David S.Glanzberg, esq.

(c) At trial: Jason Greshes ID# 71903 1800 JFK Blvd Suite# 300 Phila, PA 19102

(d) At sentencing: Jason Greshes 1800 JFK Blvd Ste #300 Phila, PA 19102

(e) On appeal: Elayne Bryn 2 Penn Center Plaza Ste#1230 Phila,PA 19102

(f) In any post-conviction proceeding: Peter A Levin 1927 Hamilton st. Phila, PA 19130

(g) On appeal from any ruling against you in a post-conviction proceeding: Peter A. Levin, 1927 Hamilton st. Phila, PA 19130

16. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

    ☐ Yes    ☒ No

(a) If so, give the name and location of the court that imposed the other sentence you will serve in the future: NA

(b) Give the date the other sentence was imposed: NA

(c) Give the length of the other sentence: NA

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

    ☐ Yes    ☒ No

17. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition*
My Direct Appeal was decided on December 2, 2020.
Post Conviction was decided December 19, 2018.

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: release Petitioner from custody dismiss and discharge this case; grant the Petitioner an evidentiary hearing as he has presented a claim of arguable merit; grant Petitioner a new trial; reverse Petitioner's conviction and sentence; vacate present judgment and/or any other relief to which petitioner may be entitled.

_____
*Signature of Attorney (if any)*

PAE AO 241
(Rev. 07/10)

Page 19

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  Jan  8, 2021

*(month, date, year)*

Executed (signed) on  Jan  8, 2021 (date).

*Signature of Petitioner*

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

_____

Frank Hyman # JZ6112
1111 Altamont Blvd
Frackville, PA 17931



7019 0700 0001 5837 0635



Clerk
United States D
For the Eastern Dis-
601 Market Street,
Phila, PA 19106

Legal Mail



INMATE MAIL
PA DEPT OF CORRECTIONS



U.S. POSTAGE >> PITNEY BOWES

ZIP 17932   $ 013.90⁰
02 4W
0000364159 JAN 15 2021

7019 0700 0001 5837 0635

Clerk
United States District Court
For the Eastern District of Pennsylvania
601 Market Street, Room 2609
Phila, PA 19106